UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>    Defendants.<br>_____/ | Case No. 1: 13-cv-1188-LJO-BAM<br><br>**ORDER ON PLAINTIFF'S MOTION TO AMEND** (Doc. 14) |

Plaintiff Yolanda Foster filed a motion to amend the complaint on February 5, 2014. (Doc. 14.) Defendant Bank of America, National Association filed an opposition to the motion on February 25, 2014. No reply was filed. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing scheduled for March 14, 2014. Having considered the moving and opposition papers, and the entire file in this matter, the Court rules as follows.

## **FACTUAL BACKGROUND**

In her complaint removed to this Court on July 30, 2013, plaintiff alleges that she was terminated from her employment with defendant on December 23, 2011. Plaintiff alleges she was on medical leave from April 12, 2010 until her termination. She alleges her termination was based on her medical leave and in violation of state law. Plaintiff alleges state law causes of action for (1) failure to engage in the interactive process to determine a reasonable accommodation for disability, (2) failure to

1

make reasonable accommodation for disability, (3) discriminatory discharge based on a physical disability, (4) termination in violation of public policy, and (5) retaliation. Plaintiff seeks compensatory damages, interest on lost earnings, exemplary damages, attorneys' fees, and costs of suit.

In the motion for leave to amend, plaintiff seeks leave to amend to add a Sixth Cause of Action for "Injunctive Relief" and seeks to add the remedy of "Injunctive Relief" to the Prayer in each cause of action. Defendant opposes the request for leave to amend. Defendant contends that the time for request for leave to amend has passed. The Scheduling Order set the deadline to amend pleadings for January 31, 2014. Defendant also argues there is no good cause to modify the scheduling order. Defendant argues that even if good cause exists, the amendment would be futile, and therefore, should be denied.

## ANALYSIS

**Modifying the Scheduling Order**

Pursuant to the Court's Scheduling Order issued on December 2, 2013, the deadline to file any motion for leave to amend was January 31, 2014. Plaintiff filed her motion on February 5, 2014, after the deadline.

Fed.R.Civ.P. 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Granting or denying leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

However, where a case management scheduling order pursuant to Rule 16 sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies. To allow the amendment, the scheduling order must be modified which requires leave of court and a showing of "good cause." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (2001).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Here, plaintiff's motion is untimely because it was filed after the Scheduling Order deadline. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 608–609 (motions filed after the deadlines set in a scheduling order are untimely and may be denied solely on this ground). Plaintiff fails to argue or show good cause for modifying the Scheduling Order. Plaintiff requests leave to amend, but does not argue that plaintiff was diligent in attempting to meet the Scheduling Order deadlines or otherwise explain her failure to comply with the deadline. Accordingly, leave to amend is denied.

**Factors for Amendment**

While the Court need not reach the merits of plaintiff's request, the Court considers, briefly, whether the amendment is meritorious. Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1319 (9th Cir. 1984).

Defendant argues that the amendment would be futile. Defendant argues that the injunctive relief requested includes restraining Defendant from maintaining policies permitting harassment, discrimination, or retaliation related to disability; and affirmatively requiring Defendant to train its employees, post laws; and develop policies related to harassment, discrimination, or retaliation. Defendant argues that defendant no longer employs plaintiff, and she therefore lacks standing to seek the requested injunctive relief.

**Futility**

Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

1  sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). An
2  amendment is futile when it lacks legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319
3  (9th Cir. 1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993 (1993); *Johnson v. District 2 Marine*
4  *Engineers Beneficial Assoc.*, 857 F.2d 514, 518 (9th Cir. 1988).

Plaintiff seeks leave to amend to add a claim for injunctive relief. An injunction is an equitable remedy. "The basis for injunctive relief (preliminary or permanent) in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803 (1982). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. at 22, 129 S.Ct. at 375–376. There must be a substantial likelihood that the relief sought, if granted, will redress the plaintiff's injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–560, 112 S.Ct. 2130, 2136 (1992). The relief must redress plaintiff's injury; it is not enough that a favorable judgment will benefit the public at large or punish defendant. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107, 118 S.Ct. 1003, 1019 (1998).

Here, plaintiff has an adequate remedy at law. Monetary damages for termination of employment are generally an adequate remedy at law.

Further, plaintiff seeks prospective relief which will not redress any injury suffered by plaintiff. Plaintiff is no longer employed with defendant and does not seek reinstatement of employment. The proposed injunctive relief includes restraining Defendant from maintaining policies permitting harassment, discrimination, or retaliation related to disability; and affirmatively requiring Defendant to train its employees and post laws; and develop policies related to harassment, discrimination, or retaliation. None of the requested relief will remedy any injury to plaintiff because she is not employed with defendant and does not seek reinstatement such that she may be re-exposed to defendant's policies. Therefore, injunctive relief will not redress plaintiff's injury. Accordingly, the Court finds that amendment would be futile.

///

///

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:  **April 18, 2014**          /s/ Barbara A. McAuliffe          
                                  UNITED STATES MAGISTRATE JUDGE