# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>　　　　　Defendant. | 1:13-CV-1188-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION (DOC. 25)** |

## I. INTRODUCTION

Plaintiff Yolanda Foster ("Plaintiff") brought this suit against her former employer, Bank of America, National Association ("BANA") in the Superior Court of California for the County of Fresno on September 25, 2012. Plaintiff alleged five causes of action against BANA for: (1) failure to engage in interactive process; (2) failure to make reasonable accommodation; (3) discriminatory discharge based on physical disability; (4) wrongful discharge in violation of public policy; and (5) retaliation. Doc. 5, Complaint ("Compl."), at 4. Plaintiff brought all but her fourth cause of action under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940 et seq. Her fifth cause of action for retaliation is also brought, in part, under the Labor Code.

BANA removed the suit to this Court on July 30, 2013 on diversity grounds. Doc. 1 at 1. Currently before the Court is BANA's motion for summary judgment on all of Plaintiff's causes of action. Doc. 25.[1] The Court has reviewed the papers and has determined that the matter is suitable for

---

[1] Plaintiff filed her opposition to BANA's motion for summary judgment one day late due to technical difficulties. *See* Doc. 42 at 1. The Court finds good cause exists to excuse Plaintiff's failure to comply with Local Rule 260(b) in spite of Local

1

decision without oral argument pursuant to Local Rule 230(g). For the following reasons, the Court GRANTS BANA's motion for summary judgment.

## II. BACKGROUND

The parties do not dispute the following facts unless otherwise indicated. BANA hired Plaintiff in November 1999 and held various positions during her tenure with BANA. Doc. 27, Joint Statement of Undisputed Facts ("JUF"), 1, 2. Her most recent position was as a Customer Services & Sales Specialist II in BANA's former Fresno call center. JUF 2. Plaintiff's manager was Stefani Rossi-Ligon ("Rossi-Ligon"). JUF 4. Plaintiff's supervisor was Ryan McNeil ("McNeil"). McNeil's supervisor was RoShanda Myers ("Myers"). JUF 14.

In January 2010 or February 2010, Plaintiff allegedly developed an injury related to her neck, arms, and hands. Doc. 45, Defendant's Reply Statement of Undisputed Material Facts ("UF"), 1. In April 2010, Rossi-Ligon scheduled an ergonomic assessment of Plaintiff's workstation by an outside vendor. JUF 4. On April 29, 2010, Plaintiff initiated a claim with Aetna, BANA's third-party administrator for leaves of absences. UF 7.

On June 16, 2010, Plaintiff filed an "Application for Adjudication of Claim" with the State of California, Division of Workers' Compensation, Workers' Compensation Appeals Board ("WCAB"). UF 15. Plaintiff settled her worker's compensation case in July 2011. JUF 6.

From July 2011 through December 2011, Stephen Montes ("Montes") was a Business Support Lead at BANA's Fresno call center ("the call center"). UF 20. In July 2011, Montes conducted an audit of employees on leave at the call center and discovered that Plaintiff was on a leave of absence Aetna had not approved. UF 21. Rossi-Ligon contacted BANA's Advice & Counsel department, which advised her of BANA's absent without leave ("AWOL") procedures. Advice & Counsel provided an "AWOL letter," which stated:

> [Y]our leave of absence was not approved because you failed to submit medical documentation justifying your leave . . . . If you have not done so already, please return the requested medical

Rule 134(c)(3).

information to the Aetna Disability Center . . . . Please understand that if you fail to submit medical documentation to substantiate your absence from work and you do not return to the workplace by August 2, 2011,[2] [BANA] will assume that you have voluntarily resigned. Your employment will be separated on August 15, 2011.

UF 24-25.

In late July 2011 or early August 2011, Plaintiff and Rossi-Ligon communicated by phone several times. UF 26. Rossi-Ligon asked Plaintiff what accommodations, if any, she might need to return to work. JUF 9. Plaintiff notified Rossi-Ligon that she was ready to return to work. UF 29. Plaintiff informed Rossi-Ligon that she would need an ergonomic workstation. JUF 10. Rossi-Ligon "listened to Plaintiff's requests, and stated that she would work on the ergonomic workstation, whatever was necessary to get Plaintiff back to work." UF 31. Rossi-Ligon and Plaintiff did not discuss a specific return to work date. UF 50.

On August 2, 2011, BANA sent Plaintiff an AWOL letter. The last time Plaintiff contacted Aetna and spoke to anyone at BANA regarding her return to work was in October 2011. UF 34-35.

On December 14, 2011, McNeil contacted BANA's Advice & Counsel regarding Plaintiff's leave of absence. UF 39. Likewise, Myers conferred with BANA's Advice & Counsel regarding Plaintiff's leave of absence. UF 40. Advice & Counsel provided Myers with a separation letter for Plaintiff "due to VolFRL – Vol-absent from Work w/out Auth LOA." JUF 16. McNeil supported the decision to terminate Plaintiff. JUF 17.

On December 22, 2011, BANA sent Plaintiff a termination letter, which stated, among other things:

> Your leave of absence was not approved because you failed to submit sufficient medical documentation justifying your leave. Your employment will be separated effective 12/23/2011 and you be ineligible for rehire.

UF 42.

On September 21, 2012, Plaintiff filed a complaint with the California Department of Fair

---

[2] BANA mistakenly alleged the AWOL letter stated "August 12, 2010" instead of "August 2, 2011." *See* PUF 25.

Employment and Housing ("DFEH") and received a right-to-sue notice. JUF 18; UF 47, 60. Plaintiff timely filed this case thereafter.

### III. STANDARD OF DECISION

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see*

4

also *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## IV. DISCUSSION

### A.   Whether Plaintiff Exhausted Her FEHA Administrative Remedies.

BANA asserts that it is entitled to summary judgment on Plaintiff's first, second, third claims and partial summary judgment on her fifth claim because she failed to exhaust her administrative remedies. Doc. 26 at 12. Specifically, BANA claims that Plaintiff failed to comply with FEHA in that she did not file a sufficient complaint with DFEH prior to filing this case. *Id.*

Before bringing a lawsuit under FEHA, "an employee must exhaust . . . the administrative remedy provided by the [FEHA], by filing an administrative complaint with the [DFEH] . . . and obtaining the DFEH's notice of right to sue." *Okoli v. Lockheed Tech. Ops. Co.*, 36 Cal. App. 4th 1607 (1995); Cal. Gov't Code § 12960. "Although California courts describe exhaustion as a jurisdictional prerequisite to suit under FEHA, this label does not implicate the trial court's fundamental subject matter jurisdiction." *Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir. 2001).

For a plaintiff to exhaust "administrative remedies as to a particular act made unlawful by the

5

[FEHA] . . . [the plaintiff] must specify *that* act in the administrative complaint, even if the complaint does not specify other cognizable wrongful acts." *Okoli*, 36 Cal. App. 4th at 1613 (emphasis in original). Thus, "[t]he scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Rodriguez*, 265 F.3d at 897. However, courts have permitted plaintiffs "to pursue claims not included in [their] DFEH charge[s] that were 'like or reasonably related to' the claim that was made." *Id.* at 1616. Such claims are permissible if "it is reasonable that an investigation of the allegations in the original DFEH complaint would lead to the investigation of subsequent discriminatory acts." *Baker v. Children's Hosp. Med. Ctr.*, 209 Cal. App. 3d 1057, 1065 (1989).

"The purpose of the charge is to supply fair notice of the *facts* sufficient to permit investigation." *Hobson v. Raychem Corp.*, 73 Cal. App. 4th 616, 630 (1999) (emphasis added). Accordingly, a DFEH complaint "shall set forth the particulars" of the allegedly unlawful conduct. Cal. Gov. Code § 12960(b). This includes, among other things, naming the perpetrators of the allegedly unlawful conduct. *Okoli*, 36 Cal. App. 4th at 1613. A FEHA claim must also "identify[] with specificity the discrimination alleged and the facts supporting it" because "[t]he purpose of the charge is to supply fair notice of the facts, sufficient to permit investigation." *Hobson v. Raychem Corp.*, 73 Cal. App. 4th 614, 630 (1999), *disapproved of on other grounds*, *Colemares v. Braemer Country Club, Inc.*, 29 Cal.4th 1019, 1031 n.6 (2003); *see also* Cal. Gov. Code § 12963 ("After the filing of any complaint alleging facts sufficient to constitute a violation of any of the provisions of this part, the department shall make prompt investigation in connection therewith."). "It is sufficient that the [DFEH] be apprised, in general terms, of the alleged discriminatory parties and the alleged discriminatory acts." *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 267 (2009).

BANA asserts that Plaintiff failed to do so because her DFEH complaint is factually lacking. Plaintiff's DFEH complaint[3] states in relevant part:

> I ALLEGE THAT I EXPERIENCED:

---

[3] Counsel for Plaintiff used an online form provided by DFEH to file Plaintiff's complaint on DFEH's website. *See* Doc. 29-5, Exhibit I ("DFEH Compl."), at 12-13.

    Discrimination, Harassment, Retaliation

    ON OR BEFORE: Dec. 23, 2011

    BECAUSE OF MY ACTUAL OR PERCEIVED: Age – 40 and over, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition – including Cancer

    AS A RESULT I WAS: Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied reasonable accommodation, Denied reinstatement, Terminated

Doc. 29-5, Exhibit I, at 13. There is no other information on Plaintiff's DFEH complaint concerning BANA's allegedly unlawful conduct. *See id.* at 12-13. Plaintiff left blank the "Statement of Harm" section of the form that asks complainants to "STATE WHAT YOU BELIEVE TO BE THE REASON(S) FOR DISCRIMINATION." *See id.* at 13.

    Based on her complaint, Plaintiff received a right-to-sue letter from DFEH. *Id.* at 15. The right-to-sue letter stated, in part, that "[a]ccording to Government Code section 12965, subdivision (b), a civil action may be brought under . . . [FEHA] against the person, employer, labor organization, or employment agency named in [your complaint]."

    Plaintiff does not dispute that her DFEH complaint contains no facts concerning BANA's allegedly unlawful conduct. Counsel for Plaintiff asserts that she had added the pertinent facts to the Statement of Harm section, but that section was not saved when the form was submitted due to a problem with the website. Doc. 38 at 10-11. In support, Plaintiff provides a notice from DFEH's website support ("the notice"), which states:

> There is a bug that is causing the system to not always save text that was copied from Microsoft Word and pasted into the Summary of Harms textbox . . . . Until the issue is resolved please either type your statement of facts using a different text editor, such as Notepad, or type the text directly into the Summary of Harms textbox. If you type your statement directly into the textbox it is recommended that you copy the text out and paste it into Notepad or another text editor so you have a copy of the information.

Doc. 40-8 at 2; UF 57. The notice was posted on DFEH's website on May 28, though the year is not indicated. *Id.* The issue was resolved on June 6, 2014. *Id.*

    BANA disputes that DFEH's website was affected by the "bug" when Plaintiff filed her DFEH complaint in September 2012. *See* Doc. 46-1 at 2. In support, BANA provides correspondence between

its counsel and Allen Bartels, an individual from DFEH's website support. *Id.* In an email to Mr. Bartels, counsel for BANA provided a link to the notice, noting that the notice indicated that the "bug was fixed in June 2014." *Id.* at 2. Counsel for BANA asked Mr. Bartels whether the bug "[c]ould have . . . impacted a complaint filed in September 2012." *Id.* Mr. Bartels explained: "No, the bug was only in existence between May 12th, 2014 and June 6th, 2014. Complaints filed prior to May 12, 2014 or after June 6th 2014 were not/are not affected." *Id.*

Plaintiff has provided no evidence corroborating her counsel's assertion that the "bug" caused the deficiencies noted above in Plaintiff's DFEH complaint. Likewise, Plaintiff has provided no evidence that calls into question the veracity of Mr. Bartel's email confirming the timeframe during which the "bug" affected complaints filed on DFEH's website. The evidence therefore establishes that Plaintiff filed her DFEH complaint approximately two years before the "bug" affected the contents of complaints filed on DFEH's website. Plaintiff's wholly unsupported assertions to the contrary do not create a genuine issue of material fact as to this issue.

Plaintiff nonetheless asserts that the summary of facts is not necessary to support a finding that she exhausted her FEHA administrative remedies because "the designation of discrimination based upon Plaintiff's 'medical condition' clearly put [BANA] on notice of what charges are against [it]." Doc. 38 at 15. Plaintiff argues that the Court should find that she exhausted her administrative remedies because "notice is sufficient." *Id.* Plaintiff provides no support for this assertion, and the Court is unaware of any.

Regardless of whether Plaintiff's DFEH complaint lacked a recitation of the underlying facts due to a "bug" in DFEH's website, Plaintiff's DFEH complaint nonetheless does not contain *any* facts as to BANA's allegedly unlawful conduct. DFEH Compl. at 12-13. As currently pled, Plaintiff's DFEH complaint merely asserts in conclusory fashion that she experienced unlawful discrimination, harassment, and retaliation, which caused her various damages. *See id.* at 13. Plaintiff bears the burden of proving timely exhaustion of administrative remedies under FEHA, *see Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006), and Plaintiff has provided no authority that

8

suggests that her DFEH complaint is sufficient to do so in the absence of any facts concerning BANA's allegedly unlawful conduct.[4] In the absence of *any* facts concerning BANA's conduct, the Court cannot find that Plaintiff exhausted her administrative remedies under FEHA as to BANA's conduct at issue here. *See Martin*, 29 Cal. App. 4th at 1724 ("To exhaust his or her administrative remedies as to a particular act made unlawful by the [FEHA], the claimant must specify *that act* in the administrative complaint") (emphasis added). Accordingly, BANA is entitled to summary judgment on Plaintiff's FEHA claims (first, second, third, and fifth[5] causes of action).

### B. Plaintiff's Fourth Cause of Action.

Plaintiff's fourth cause of action against BANA is for wrongful discharge in violation of public policy. Compl. at 9. Plaintiff alleges that "a motivating reason for BANA's decision to terminate plaintiff's employment was on account of her participation in and/or receipt of benefits under the WCAB proceedings." *Id.* at ¶ 22. BANA moves for summary judgment on this claim on the ground that Plaintiff's allegations cannot form the basis of a cause of action for wrongful termination and, even if they did, Plaintiff's termination had no connection to her workers' compensation claim. Doc. 26 at 20.

During her deposition, Plaintiff testified:

> Q: Do you believe that you were terminated for any reasons related to your worker's comp[ensation] claim?
> A: No.

Doc. 29-1 (Deposition of Yolanda Foster), at 27. Thus, Plaintiff's own sworn testimony establishes that she does not believe that "a motivating reason for BANA's decision to terminate [her] employment was on account of her participation in and/or receipt of benefits under the WCAB proceedings," and Plaintiff

---

[4] Even if the "bug" in fact did affect the contents of Plaintiff's DFEH complaint, Plaintiff has provided no authority to support her suggestion that the DFEH's website malfunctioning excuses her non-compliance with FEHA's exhaustion requirements, and the Court is unaware of any. *See Holland v. Union Pac. R. Co.*, 154 Cal. App. 4th 940, 945-46 (describing situations where courts have excused a plaintiff's failure to comply with FEHA's exhaustion requirements); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The exhaustion requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling.").

[5] Plaintiff's fifth cause of action is brought under FEHA and the California Labor Code. BANA is entitled to summary judgment on Plaintiff's fifth cause of action to the extent it is brought under FEHA due to Plaintiff's failure to exhaust her administrative remedies. As discussed below, BANA is entitled to summary judgment on the remainder of the claim to the extent it is brought under the California Labor Code.

has provided no argument or evidence that suggests otherwise. BANA is therefore entitled to summary judgment on Plaintiff's fourth cause of action.

C. **Plaintiff's Fifth Cause of Action.**

As discussed above, BANA is entitled to summary judgment on Plaintiff's fifth cause of action for retaliation to the extent it is based on BANA's alleged violation of FEHA. BANA further asserts it is entitled to summary judgment on the remainder of the claim. Doc. 26 at 21. Plaintiff did not oppose BANA's motion for summary judgment on the claim. *See generally* Doc. 38.

In her fifth cause of action, Plaintiff alleges, among other things, that FEHA and "Labor Code section 1132a . . . make[] it unlawful for BANA to discharge any person because the person has opposed any practices forbidden under FEHA or received a settlement in a WCAB compensation proceeding." Compl. at ¶ 24. Plaintiff further alleges that her "settlement in the WCAB proceeding and seeking accommodation for her physical disability were . . . motivating reason(s) for BANA's decision to terminate [her] employment." *Id.* at ¶ 25.

As a preliminary matter, Labor Code § 1132(a) does not exist. Labor Code § 1132 reads in full: "Unless provided otherwise, the definitions in this article govern the construction of this chapter." The statute has no subdivisions.

Thus, the basis for Plaintiff's fifth cause of action is not entirely clear. BANA makes a number of arguments concerning Labor Code § 132(a). Based on Plaintiff's allegations, the language of Labor Code § 132(a)(1), and BANA's apparent assumption that Plaintiff's claim relies on Labor Code § 132(a), the Court finds that Plaintiff mistakenly wrote "section 1132a" instead of "section 132a" in her complaint. The Court therefore construes the claim to allege that (1) BANA terminated Plaintiff for receiving a WCAB settlement in violation of Labor Code § 132(a) and that (2) BANA terminated Plaintiff for seeking accommodation for her physical disability in violation of FEHA.

The Court has no jurisdiction over claims brought under Labor Code § 132(a). The California Supreme Court has made clear "the WCAB is 'the exclusive form for pursuing a section 132a claim.'" *Charles J. Vacanti, M.D. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 817 (2001) (quoting *City of*

*Moorpark v. Superior Court*, 18 Cal.4th 1143, 1156 (1998)); *see also Dutra v. Mercy Med. Cntr. Mt. Shasta*, 209 Cal. App. 4th 750, 755 (2012) ("Obviously, a trial court has no jurisdiction to hear a civil cause of action for an employer's breach of Labor Code section 132a."); *Steiner v. Verizon Wireless*, 2:13–CV–1457–JAM–KJN, 2014 WL 202741, at *3-4 (E.D. Cal. Jan. 17, 2014) (Labor Code § 132a claims "fall[] under the exclusive jurisdiction of the [WCAB]").

Accordingly, BANA is entitled to summary judgment on Plaintiff's fifth cause of action to the extent it is premised on Labor Code § 132(a) because the Court has no jurisdiction over the claim. Because BANA is also entitled to summary judgment on the claim to the extent it is based on FEHA, as discussed above, BANA is entitled to summary judgment on the entire claim.

**D.     Punitive Damages.**

Plaintiff requests an award of punitive damages under California Civil Code § 3294. Compl. at 10. BANA argues that "Plaintiff's demand for punitive damages must be dismissed." Doc. 26 at 25.

Because the Court finds that BANA is entitled to summary judgment on all of Plaintiff's claims, Plaintiff necessarily is not entitled to an award of punitive damages. *See Altman v. PNC Mortg.*, No. CV F 11-1807 LJO MJS, 850 F. Supp. 2d 1057, 1086 (E.D. Cal. Jan. 20, 2012) ("dismissal of plaintiffs' claims warrants dismissal of punitive damages claims").

**V. CONCLUSION AND ORDER**

For the foregoing reasons, the Court GRANTS BANA's motion for summary judgment (Doc. 25). The Clerk of Court shall enter judgment in favor of BANA and against Plaintiff. The Clerk of Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                      /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE